IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

*In re*

CHAMPION ENTERPRISES, INC., *et al.*,

                        Debtors,

---

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CHAMPION ENTERPRISES, INC.,

                        Plaintiff,

v.

CREDIT SUISSE, INDIVIDUALLY AND AS AGENT AND CLASS REPRESENTATIVE FOR VARIOUS PARTICIPATING LENDERS IN THE DEBTORS' PREPETITION LENDING FACILITY; CREDIT SUISSE (USA) LLC; THE LENDERS LISTED IN EXHIBIT A; MAK CAPITAL FUND LP; and WELLS FARGO BANK, N.A., as collateral agent pursuant to a collateral trust agreement dated October 31, 2005,

                        Defendants.

Chapter 11

Case No. 09-14019 (KG)

Jointly Administered

Adv. No. 10-50514 (KG)

Re: Adv. D.I. 7

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT AND JOINDER BY DEFENDANTS BARCLAYS BANK PLC, GRAND CENTRAL ASSET TRUST ARL, GRAND CENTRAL ASSET TRUST ZEN, KINGS CROSS ASSET FUNDING 12 SARL, AND KINGS CROSS ASSET FUNDING 22 SARL**

Gregory W. Werkheiser (No. 3553)
Matthew B. Harvey (No. 5186)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
(302) 425-4663 (fax)

Lance Croffoot-Suede
Ruth E. Harlow
Linda Regis-Hallinan
LINKLATERS LLP
1345 Avenue of the Americas, 19th Floor
New York, NY 10105
(212) 903-9000
(212) 903-9100 (fax)

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| INTRODUCTION | | 1 |
| ARGUMENT | | 4 |
| I. | THE COMMITTEE FAILS TO ADEQUATELY PLEAD ANY CLAIM AGAINST THE BARCLAYS, GCAT AND KCAF DEFENDANTS | 4 |
| II. | IN FACT, GCAT ARL SOLD ITS LOANS BEFORE THE ALLEGED WRONGDOING AND OTHER UNDISPUTED FACTS SHOW THAT THE COMMITTEE'S CLAIMS CANNOT PROCEED AGAINST ANY OF THE BARCLAYS, GCAT OR KCAF DEFENDANTS | 6 |
| | A. GCAT ARL Sold its Loan Participation Before the Alleged Misconduct | 7 |
| | B. None of the Barclays, GCAT or KCAF Defendants Are Pursuing Proofs of Claim in This Proceeding and Numerous Other Factual Predicates Are Also Missing | 8 |
| CONCLUSION | | 8 |

# TABLE OF AUTHORITIES

## CASES

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009)..................................................................................4, 6

Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,
    459 U.S. 519 (1983).........................................................................................4

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)......................................................................................4, 5

Hill v. City of Scranton,
    411 F.3d 118 (3d Cir. 2005)..............................................................................7

Kemezis v. Matthew,
    No. 07-5086, 2008 WL 5191587 (E.D. Pa. Dec. 10, 2008)..............................5

Thompson v. Surbec Envtl., L.L.C.,
    No. Civ-07-1019-D, 2010 WL 565289 (W.D. Okla. Feb. 11, 2010)................7

## RULES

Fed. R. Civ. P. 8(a)(2).............................................................................................1, 2, 4, 5

Fed. R. Civ. P. 9(b)................................................................................................5

Fed. R. Civ. P. 12(b)(6)..........................................................................................1

Fed. R. Civ. P. 56..................................................................................................7

Fed. R. Bankr. P. 7008..........................................................................................4

Fed. R. Bankr. P. 7012(b).....................................................................................1

Fed. R. Bankr. P. 7056.........................................................................................7

Defendants Barclays Bank PLC ("Barclays"), Grand Central Asset Trust ("GCAT") ARL, GCAT Zen,[1] Kings Cross Asset Funding 12 SARL ("KCAF 12"), and Kings Cross Asset Funding 22 SARL ("KCAF 22") (collectively the "Barclays, GCAT and KCAF Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Amended Complaint of the Official Committee of Unsecured Creditors of Champion Enterprises, Inc. (the "Committee") pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

## INTRODUCTION

The Barclays, GCAT and KCAF Defendants incorporate herein and join the arguments, as those arguments apply to the Barclays, GCAT and KCAF Defendants, made in the (i) Credit Suisse Defendants' Memorandum of Law in Support of Motion to Dismiss, (ii) the Memorandum of Law of the General Electric, Fraser Sullivan, Highland, and Babson Defendants in Support of Their Motion to Dismiss the Committee's Amended Complaint (the "Minority Lenders' Brief"), (iii) the Memorandum of Law of Defendants Sankaty Credit Opportunities II, L.P., Sankaty Credit Opportunities III, L.P., Sankaty Credit Opportunities IV, L.P. and CCP Acquisition Holdings LLC in Support of Motion to Dismiss or For Summary Judgment Dismissing Claims ("Sankaty Brief"), (iv) the Memorandum of Law In Support of Certain Former Lenders' Joinder and Motion to Dismiss, and (v) Motion and Joinder By Defendant Goldman Sachs Lending Partners LLC In Motions to Dismiss Plaintiff's Amended Complaint ("Goldman Sachs' Joinder") (collectively, the "Other Briefs").

---

[1] The Amended Complaint, Exhibit A, lists the Grand Central Asset Trust entities as Grand Central Asset Trust ARL and Grand Central Asset Trust Zen. Their proper full names are Grand Central Asset Trust ARL Series and Grand Central Asset Trust ZEN Series. To avoid confusion, Defendants in the context of this motion use the Amended Complaint's designations (hereafter in abbreviated form).

In this short supplemental brief, the Barclays, GCAT and KCAF Defendants emphasize that the Committee's Amended Complaint against them must be dismissed because the Committee utterly fails to satisfy the basic pleading requirements of Rule 8(a)(2). The Committee does not make any reference to the Barclays, GCAT or KCAF Defendants by name anywhere in the Amended Complaint, much less allege any wrongful conduct by them or intent by them to join in any wrongful conduct of other defendants. Rather, the Committee merely includes the Barclays, GCAT and KCAF Defendants in a list of 115 alleged "present and former" lenders that is annexed as an exhibit to the Amended Complaint. Am. Compl. ¶ 17 & Ex. A. The Committee lumps these 115 "Participating Lenders" together with Credit Suisse and Credit Suisse USA into the so-called "Lending Group." Id. at 1-2. Then, despite revealing in the Amended Complaint the defendants' significant differences in roles and in time periods of lending, among other factors, the Committee makes 62 pages of allegations against the "Lending Group" without making any differentiation among defendants or providing any factual foundation for the Barclays, GCAT and KCAF Defendants' alleged wrongdoing. See, e.g., id. ¶¶ 11-12, 17, 45, 152-169.

As a result, the Committee plainly does not provide the necessary defendant-specific notice of the purported claims against any of the Barclays, GCAT or KCAF Defendants. Nor does it allege facts sufficient to establish the elements of its causes of action as against the Barclays, GCAT and KCAF Defendants. To survive this motion to dismiss by any of these particular Defendants would require, for example, allegations that the Defendant was pursuing a claim in bankruptcy that could be subject to equitable subordination or estoppel, that the Defendant possessed the contested "enhanced security interests" or had received the contested transfers, or that the Defendant was somehow liable for Credit Suisse's breach of the Credit

2

Agreement.[2] Yet the Committee fails to allege such facts or any facts that could adequately give notice and establish the essential elements of the claims against the Barclays, GCAT or KCAF Defendants.

Furthermore, the Committee *cannot* allege the facts necessary to sustain its claims. First, GCAT ARL traded its Champion loan participation in June 2007, before the actions alleged to give rise to the Committee's claims. See Declaration of Philip Nisbet, Dated May 13, 2009 ("Nisbet Decl."), ¶¶ 4-5. Second, all of the GCAT and KCAF Defendants sold their Champion loans well before the filing of this action, and none are pursuing proofs of claim in the bankruptcy case. Id. ¶¶ 4-9. Nor is there any factual basis for asserting (assertions now wholly absent from the Amended Complaint) that these particular Barclays, GCAT or KCAF Defendants received fraudulent or preferential transfers, or engaged in any inequitable conduct. Finally, for all the additional reasons outlined in the Other Briefs and established by the documents submitted with the Declaration of Matthew B. Lunn in support of the Credit Suisse Defendants' Motion to Dismiss, the Committee cannot possibly succeed with its asserted causes of action against the Barclays, GCAT and KCAF Defendants.

The Amended Complaint should be dismissed with prejudice as against the Barclays, GCAT and KCAF Defendants.[3]

---

[2] See Count I (equitable subordination), Count III (equitable subrogation), Count IV (unjust enrichment based on "enhanced security position"), Count V (equitable estoppel), Count VI (breach of contract by Credit Suisse), Counts VII (fraudulent transfers), Count VIII (avoidance of security interest), or Counts IX to XIII (other counts regarding transfers and disallowance of claims).

[3] The Barclays, GCAT and KCAF Defendants believe that the Amended Complaint's pleading flaws are overwhelming and that the entire complaint against these and other members of the "Lending Group" should be dismissed for the reasons stated here and in the Other Briefs. To the extent that the Court disagrees, however, the Barclays, GCAT and KCAF Defendants request that their motion to dismiss be converted to one for summary judgment and that judgment be entered in their favor on the basis of the undisputed facts shown by the Nisbet Declaration and the documents accompanying the Lunn Declaration. See generally Minority Lenders' Br. 1 n.2; Sankaty Br. 8.

## ARGUMENT

### I. THE COMMITTEE FAILS TO ADEQUATELY PLEAD ANY CLAIM AGAINST THE BARCLAYS, GCAT AND KCAF DEFENDANTS

Under Rule 7008 of the Federal Rules of Bankruptcy Procedure, Rule 8 of the Federal Rules of Civil Procedure applies to adversary proceedings. Fed. R. Bankr. P. 7008. The pleading standard under Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Rule 8(a)(2) requires that factual statements give the defendant notice of not only what the claim is but the grounds upon which it rests, and the obligation to provide the grounds means that more than mere labels and conclusions are required. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not "shown" – as required by Rule 8 – that the pleader is entitled to relief and thus that it has stated a claim. Iqbal, 129 S. Ct. at 1950. Furthermore, it is not proper for a court to assume that the plaintiff can prove facts that it has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

The Committee fails to plead any factual allegations regarding the Barclays, GCAT and KCAF Defendants in the Amended Complaint to satisfy these pleading standards of Rule 8.[4] The Amended Complaint, for example, contains *no* factual allegations concerning any conduct – let alone wrongful conduct – on the part of the Barclays, GCAT and KCAF Defendants. Instead, the Committee merely lists these defendants' names as part of a large

---

[4] As set forth in the Minority Lenders' Brief, certain of the Committee's claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). The Committee's generalized allegations against an entire Lending Group are insufficient to satisfy Rule 8, much less Rule 9.

group of alleged "present and former" Participating Lenders. This is an extreme form of pleading-by-label that fails to provide the foundation for any claim against Barclays, either GCAT entity, or either KCAF entity. See Twombly, 550 U.S. at 555; see also Kemezis v. Matthew, No. 07-5076, 2008 WL 5191587, at *1-3 (E.D. Pa. Dec. 10, 2008) (rejecting summary allegations against "Defendants collectively" as insufficient under both Rule 8(a)(2) and Rule 9(b)). Indeed, the Committee does not even provide any factual allegations as to how this list of Participating Lenders was compiled, much less any facts to support each Defendant's presence on that list. Yet by simply listing an entity on Exhibit A to the Amended Complaint, the Committee is attempting to subject that entity to suit on multiple causes of action, based on generalized allegations that never mention it or connect it to any particulars.

The Committee attempts to bootstrap its allegations against Credit Suisse to the "Lending Group" as a whole. As set forth in the Minority Lenders' Brief, however, even if the Court concludes that the Committee has stated a claim against the Credit Suisse Defendants (which it should not), the generalized allegations against the "Lending Group" are inadequate to sustain a claim against any of the other alleged defendants in the Lending Group. The Committee has failed, among other things, to adequately plead an agency theory – its only conceivable theory, given the allegations advanced – to connect all Defendants with Credit Suisse's alleged actions. Minority Lenders' Br. 1-5, 9-14. The Committee's pleading-by-association with Credit Suisse also fails.

In addition, the Committee does not allege when the Barclays, GCAT or KCAF Defendants began participation in the Champion credit facility or when their participation ended. By foregoing even a sentence of allegations to plead the dates of each Defendant's asserted participation in the credit facility, the Committee tries to get away with simply naming an entity

5

like Barclays – when any factual context would show that its role was at most as an intraday trader (with a purchase and immediate sale of the same loans on the same day) on a few isolated occasions, but never as a true lender to Champion. The Committee has not provided facts sufficient to show whether or not the entities listed on Exhibit A were members of the "Lending Group" at the relevant times for each or even for one cause of action. See also infra Point II(A).

The Committee's failure to plead these basic facts also underscores the purely conclusory nature of its contentions that the "Lending Group" acted uniformly. See, e.g., Am. Compl. ¶ 32 (the "Lending Group acted as a unit, and therefore the declaratory and equitable relief sought in the Amended Complaint is appropriate respecting the class as a whole"). Those conclusory allegations are improper and must be set aside for purposes of this motion. Iqbal, 129 S. Ct. at 1950.

Moreover, the Committee has not alleged that any of the Barclays, GCAT or KCAF Defendants is pursuing a proof of claim in the bankruptcy proceeding, or that it has benefitted from the contested transfers or security interests. Absent these facts, the Committee's efforts to subordinate claims, end the protection of security interests, or address transfers to other entities have no relation to these Defendants. See Minority Lenders' Br. Point II; Goldman Sachs' Joinder ¶¶ 3-7. The Committee has not provided any concrete facts to tie these defendants to this suit other than their mere names, and that certainly cannot be enough under any federal pleading standard.

## II. IN FACT, GCAT ARL SOLD ITS LOANS BEFORE THE ALLEGED WRONGDOING AND OTHER UNDISPUTED FACTS SHOW THAT THE COMMITTEE'S CLAIMS CANNOT PROCEED AGAINST ANY OF THE BARCLAYS, GCAT OR KCAF DEFENDANTS

Based on all the pleading deficiencies set forth above, the Court should dismiss the Amended Complaint *in toto* against the Barclays, GCAT and KCAF Defendants for failure to

state a claim. To the extent there is any question about that outcome, however, the Nisbet Declaration and the undisputed facts set forth in the other defendants' submissions show that summary judgment is appropriate. Therefore, to the extent necessary, the Barclays, GCAT and KCAF Defendants request in the alternative that the Court convert their motion to dismiss to a motion for summary judgment, and enter judgment in their favor on all counts.

Under Federal Rule of Bankruptcy Procedure 7056 and Federal Rule of Civil Procedure 56, summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir. 2005). In this case, certain fundamental facts establish that the Committee cannot prove necessary elements of their claims, and that judgment as a matter of law should follow. Thompson v. Surbec Envtl., L.L.C., No. Civ-07-1019-D, 2010 WL 565289, at *1 (W.D. Okla. Feb. 11, 2010) ("If the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, the defendant is entitled to judgment on that cause of action." (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986))).

### A. GCAT ARL Sold its Loan Participation Before the Alleged Misconduct

The Amended Complaint names as defendants "Participating Lenders," defined as members of the "Lending Group" that held loans from July 1, 2007 forward. Am. Compl. ¶¶ 6-9, 17, 91, 148-49. GCAT ARL entered into a transaction to sell its last Champion term loan on June 19, 2007, and settled that transaction on July 23, 2007. Nisbet Decl. ¶¶ 4-5. GCAT ARL, therefore, sold its loan prior to any of the alleged misconduct underlying the Committee's claims against the "Lending Group." The Amended Complaint describes the first actions after July 1, 2007 that allegedly give rise to liability as occurring in October 2007. Am. Compl. ¶¶ 6-9, 17, 91, 148-49. Given the timing of GCAT ARL's sale, it was no longer a member of the "Lending

7

Group" when the alleged wrongdoing of October 2007 and thereafter purportedly occurred, and thus judgment in favor of GCAT ARL is appropriate on that basis alone.

> B. **None of the Barclays, GCAT or KCAF Defendants Are Pursuing Proofs of Claim in This Proceeding and Numerous Other Factual Predicates Are Also Missing**

Beyond this fundamental factual bar for GCAT ARL, there are other facts that preclude the Committee's claims for all of the Barclays, GCAT or KCAF Defendants. For example, none of these defendants are pursuing proofs of claim, and thus there can be no claim for subordination. See Nisbet Decl. ¶¶ 4-9 (all loan participations sold by November 2009). Even if there were claims to subordinate, there are no facts to support inequitable conduct or estoppel. See, e.g., Minority Lenders' Br. Point II; Sankaty Br. Points II, IV; Goldman Sachs' Joinder ¶ 3. Likewise, all of the Committee's causes of actions depend on Credit Suisse acting as an agent for the Participating Lenders in the alleged wrongdoing. But as the Other Briefs and submissions establish, the Credit Agreement specifically limits the extent of the administrative agency relationship. See, e.g., Minority Lenders' Br. Point I; Sankaty Br. Point II. Thus, another crucial underpinning is absent, based on undisputed facts, for all of the Committee's claims and judgment in favor of all of the Barclays, GCAT and KCAF Defendants is warranted on that basis too.

Accordingly, the Court should, in the alternative, grant summary judgment in favor of each of these defendants.

## CONCLUSION

For all the foregoing reasons and for the reasons set forth in the Other Briefs, the Barclays, GCAT and KCAF Defendants respectfully request that this Court dismiss the Amended Complaint against them with prejudice. In the alternative, if the Court should convert

8

this motion to one for summary judgment, these Defendants request that judgment be entered in their favor based on undisputed facts that bar the Committee's claims.

Dated: Wilmington, Delaware
May 14, 2010

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Gregory W. Werkheiser
Gregory W. Werkheiser (No. 3553)
Matthew B. Harvey (No. 5186)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
(302) 425-4663 (fax)

-and-

Lance Croffoot-Suede
Ruth E. Harlow
Linda Regis-Hallinan
LINKLATERS LLP
1345 Avenue of the Americas
New York, NY 10105
(212) 903-9000
(212) 903-9100 (fax)

*Attorneys for Barclays Bank PLC, Grand Central Asset Trust ARL, Grand Central Asset Trust Zen, Kings Cross Asset Funding 12 SARL, and Kings Cross Asset Funding 22 SARL*