# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHAMPION ENTERPRISES, INC., *et al.*<br><br>Debtors, | Chapter 11<br><br>Case No. 09-14019 (KG)<br><br>(Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CHAMPION ENTERPRISES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT SUISSE, INDIVIDUALLY AND AS AGENT AND CLASS REPRESENTATIVE FOR VARIOUS PARTICIPATING LENDERS IN THE DEBTORS' PREPETITION LENDING FACILITY; CREDIT SUISSE SECURITIES (USA) LLC; THE LENDERS LISTED IN EXHIBIT A; MAK CAPITAL FUND LP; and WELLS FARGO BANK, N.A., as collateral agent pursuant to a collateral trust agreement dated October 31, 2005,<br><br>Defendants. | Adv. Pro. No. 10-50514 (KG) |

## CSAG'S ANSWER TO AMENDED COMPLAINT

Credit Suisse AG, Cayman Islands Branch ("CSAG"), in light of the Court's Order dismissing Counts I, II, III, IV, V, VII, VIII, IX, X, XI, and XIII of the Amended Complaint, states the following for its Answer to the Amended Complaint:

1. Denies the allegations contained in paragraph 1 of the Amended Complaint, except admits that the Amended Complaint seeks the relief described.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint, except admits that Champion Enterprises, Inc. filed "its Chapter 11 case on November 15, 2009" and is a holding company for Champion Home Builders Co.

3. Denies the allegations contained in paragraph 3 of the Amended Complaint, except admits that the Prepetition Credit Facility was established in October 2005 and that the Amended and Restated Credit Agreement was dated April 7, 2006 and was amended multiple times.

4. Denies the allegations contained in paragraph 4 of the Amended Complaint, except admits that Credit Suisse is the Administrative Agent under the Credit Agreement.

5. Denies the allegations contained in paragraph 5 of the Amended Complaint.

6. Denies the allegations contained in paragraph 6 of the Amended Complaint.

7. Denies the allegations contained in paragraph 7 of the Amended Complaint, except admits that Champion raised funds through an offering of Subordinated Notes in November 2007, paid down some of the debt held by Lenders, and paid off certain of the 2009 Notes.

8. Denies the allegations contained in paragraph 8 of the Amended Complaint, except admits that Credit Suisse was the Administrative Agent under the Credit Agreement.

9. Denies the allegations contained in paragraph 9 of the Amended Complaint.

10. Denies the allegations contained in paragraph 10 of the Amended Complaint.

11. Denies the allegations contained in paragraph 11 of the Amended Complaint.

12.     Denies the allegations contained in paragraph 12 of the Amended Complaint.

13.     Denies the allegations contained in paragraph 13 of the Amended Complaint, and states that the document referenced therein speaks for itself.

14.     Denies the allegations contained in paragraph 14 of the Amended Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.

16.     Denies the allegations contained in paragraph 16 of the Amended Complaint, except admits that CSAG is a branch of Credit Suisse, a corporation organized and existing under the laws of Switzerland, maintaining its principal place of business in Zurich, Switzerland, and maintaining a branch at 11 Madison Avenue, New York, New York 10010, and admits that CSAG is the Administrative Agent under the Credit Agreement.

17.     Denies the allegations contained in paragraph 17 of the Amended Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint, except admits that Wells Fargo Bank acted as "collateral trustee of the collateral provided by Champion to the Lending Group."

20.     Admits the allegations contained in paragraph 20 of the Amended Complaint.

21.     Admits the allegations contained in paragraph 21 of the Amended Complaint.

22.     Admits the allegations contained in paragraph 22 of the Amended Complaint.

23.     Denies the allegations contained in paragraph 23 of the Amended Complaint.

24.     Denies the allegations contained in paragraph 24 of the Amended Complaint.

25.     Paragraph 25 states a legal conclusion to which no response is required.  To the extent that a response is required, CSAG denies the allegations contained therein.

26.     Denies the allegations contained in paragraph 26 of the Amended Complaint.

27.     Denies the allegations contained in paragraph 27 of the Amended Complaint, including subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l), and (m).

28.     Denies the allegations contained in paragraph 28 of the Amended Complaint.

29.     Denies the allegations contained in paragraph 29 of the Amended Complaint, except admits that Willkie Farr & Gallagher LLP represents CSAG.

30.     Denies the allegations contained in paragraph 30 of the Amended Complaint.

31.     Denies the allegations contained in paragraph 31 of the Amended Complaint.

32.     Denies the allegations contained in paragraph 32 of the Amended Complaint.

33.     Paragraph 33 states legal conclusions to which no response is required.  To the extent that a response is required, CSAG denies the allegations contained therein.

34.     Denies the allegations contained in paragraph 34 of the Amended Complaint.

35.     Admits the allegations contained in paragraph 35 of the Amended Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint, except admits that the Court, on March 2, 2010, entered an order authorizing the sale of substantially all of Debtors' operational assets pursuant to § 363 of the Bankruptcy Code.

37.     Denies the allegations contained in paragraph 37 of the Amended Complaint, and states that all documents referenced therein speak for themselves.

38.     Denies the allegations contained in paragraph 38 of the Amended Complaint.

39.     Denies the allegations contained in paragraph 39 of the Amended Complaint.

40.     Denies the allegations contained in paragraph 40 of the Amended Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint.

44.     Admits the allegations contained in paragraph 44 of the Amended Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint, except admits that Credit Suisse is the Administrative Agent under the Credit Agreement.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint, except admits that the Prepetition Credit Facility was comprised of a United States term loan, a Sterling term loan, a revolving line of credit, and a letter of credit facility.

47.     States that the declaration in paragraph 47 constitutes a legal conclusion as to which no response is required, and the Credit Agreement speaks for itself.  To the extent that a response is required, CSAG denies the allegations contained therein.

48.     Denies the allegations contained in paragraph 48 of the Amended Complaint, except admits that CSAG was the Administrative Agent under the Credit Agreement and states that the Credit Agreement speaks for itself.

49.     States that the declarations in paragraph 49 constitute legal conclusions as to which no response is required, and the Credit Agreement speaks for itself.  To the extent that a response is required, CSAG denies the allegations contained therein.

50.     States that the declarations in paragraph 50 constitute legal conclusions as to which no response is required, and the Credit Agreement speaks for itself.  To the extent that a response is required, CSAG denies the allegations contained therein.

51.     Denies the allegations contained in paragraph 51 of the Amended Complaint, and states that the Credit Agreement speaks for itself.

52.     Denies the allegations contained in paragraph 52 of the Amended Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Amended Complaint.

55.     Denies the allegations contained in paragraph 55 of the Amended Complaint.

56.     Denies the allegations contained in paragraph 56 of the Amended Complaint.

57.     Paragraph 57 states a legal conclusion to which no response is required.  To the extent that a response is required, CSAG denies the allegations contained therein.

58.     Denies the allegations contained in paragraph 58 of the Amended Complaint.

59.     Denies the allegations contained in paragraph 59 of the Amended Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Amended Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint.

62.     Denies the allegations contained in paragraph 62 of the Amended Complaint, and states that the document referenced therein speaks for itself.

63.     Denies the allegations contained in paragraph 63 of the Amended Complaint, and states that the document referenced therein speaks for itself.

64.     Denies the allegations contained in paragraph 64 of the Amended Complaint, and states that the document referenced therein speaks for itself.

65.     Denies the allegations contained in paragraph 65 of the Amended Complaint, and states that the document referenced therein speaks for itself.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Amended Complaint.

67.     Denies the allegations contained in paragraph 67 of the Amended Complaint.

68.     Denies the allegations contained in paragraph 68 of the Amended Complaint.

69.     Denies the allegations contained in paragraph 69 of the Amended Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Amended Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Amended Complaint, and states that the document referenced therein speaks for itself.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Amended Complaint, and states that the document referenced therein speaks for itself.

73.     Denies the allegations contained in paragraph 73 of the Amended Complaint, and states that the document referenced therein speaks for itself.

74. Denies the allegations contained in paragraph 74 of the Amended Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Amended Complaint, and states that the document referenced therein speaks for itself.

76. Denies the allegations contained in paragraph 76 of the Amended Complaint, and states that the document referenced therein speaks for itself.

77. Denies the allegations contained in paragraph 77 of the Amended Complaint.

78. Denies the allegations contained in paragraph 78 of the Amended Complaint.

79. Denies the allegations contained in paragraph 79 of the Amended Complaint.

80. Denies the allegations contained in paragraph 80 of the Amended Complaint.

81. Denies the allegations contained in paragraph 81 of the Amended Complaint.

82. Denies the allegations contained in paragraph 82 of the Amended Complaint.

83. Denies the allegations contained in paragraph 83 of the Amended Complaint.

84. Denies the allegations contained in paragraph 84 of the Amended Complaint.

85. Denies the allegations contained in paragraph 85 of the Amended Complaint.

86. Denies the allegations contained in paragraph 86 of the Amended Complaint.

87. Denies the allegations contained in paragraph 87 of the Amended Complaint.

88. Denies the allegations contained in paragraph 88 of the Amended Complaint.

89. Denies the allegations contained in paragraph 89 of the Amended Complaint.

90. Denies the allegations contained in paragraph 90 of the Amended Complaint.

91. Denies the allegations contained in paragraph 91 of the Amended Complaint, except admits that there was a Third Amendment to the Credit Agreement dated October 25, 2007.

92.     Denies the allegations contained in paragraph 92 of the Amended Complaint.

93.     Denies the allegations contained in paragraph 93 of the Amended Complaint.

94.     Denies the allegations contained in paragraph 94 of the Amended Complaint.

95.     Denies the allegations contained in paragraph 95 of the Amended Complaint, and states that the Third Amendment speaks for itself.

96.     Denies the allegations contained in paragraph 96 of the Amended Complaint.

97.     Denies the allegations contained in paragraph 97 of the Amended Complaint.

98.     Denies the allegations contained in paragraph 98 of the Amended Complaint.

99.     Denies the allegations contained in paragraph 99 of the Amended Complaint.

100.    Denies the allegations contained in paragraph 100 of the Amended Complaint.

101.    Denies the allegations contained in paragraph 101 of the Amended Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Amended Complaint.

103.    Denies the allegations contained in paragraph 103 of the Amended Complaint.

104.    Denies the allegations contained in paragraph 104 of the Amended Complaint.

105.    Denies the allegations contained in paragraph 105 of the Amended Complaint.

106.    Denies the allegations contained in paragraph 106 of the Amended Complaint, except admits that Credit Suisse was the Administrative Agent under the Credit Agreement and that the Administrative Agent was an affiliate of the underwriter for the Subordinated Notes offering.

107.    Denies the allegations contained in paragraph 107 of the Amended Complaint.

108.    Denies the allegations contained in paragraph 108 of the Amended Complaint.

109.    Denies the allegations contained in paragraph 109 of the Amended Complaint.

110. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Amended Complaint.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Amended Complaint.

112. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Amended Complaint.

113. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Amended Complaint.

114. Denies the allegations contained in paragraph 114 of the Amended Complaint, except admits that there was a Fourth Amendment to the Credit Agreement dated October 24, 2008.

115. Denies the allegations contained in paragraph 115 of the Amended Complaint, and states that the document referenced therein speaks for itself.

116. Denies the allegations contained in paragraph 116 of the Amended Complaint, and states that the document referenced therein speaks for itself.

117. Denies the allegations contained in paragraph 117 of the Amended Complaint, and states that the document referenced therein speaks for itself.

118. Denies the allegations contained in paragraph 118 of the Amended Complaint, and states that the document referenced therein speaks for itself.

119. Denies the allegations contained in paragraph 119 of the Amended Complaint, and states that the document referenced therein speaks for itself.

120. Denies the allegations contained in paragraph 120 of the Amended Complaint, and states that the document referenced therein speaks for itself.

121. Denies the allegations contained in paragraph 121 of the Amended Complaint, and states that the document referenced therein speaks for itself.

122. Denies the allegations contained in paragraph 122 of the Amended Complaint.

123. Denies the allegations contained in paragraph 123 of the Amended Complaint, and states that the document referenced therein speaks for itself.

124. Denies the allegations contained in paragraph 124 of the Amended Complaint, and states that the document referenced therein speaks for itself.

125. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the Amended Complaint.

126. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the Amended Complaint.

127. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Amended Complaint, and states that all documents referenced therein speak for themselves.

128. Denies the allegations contained in paragraph 128 of the Amended Complaint.

129. Denies the allegations contained in paragraph 129 of the Amended Complaint, except admits that there was a Fifth Amendment to the Credit Agreement dated May 20, 2009.

130. Denies the allegations contained in paragraph 130 of the Amended Complaint, and states that the document referenced therein speaks for itself.

131. Denies the allegations contained in paragraph 131 of the Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Champion's action.

132. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of the Amended Complaint.

133. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133 of the Amended Complaint.

134. Denies the allegations contained in paragraph 134 of the Amended Complaint, except admits that Loughlin Meghji + Company was retained by Willkie Farr & Gallagher LLP and that Willkie Farr & Gallagher LLP was counsel to CSAG.

135. Admits the allegations contained in paragraph 135 of the Amended Complaint.

136. Denies the allegations contained in paragraph 136 of the Amended Complaint, and states that the document referenced therein speaks for itself.

137. Denies the allegations contained in paragraph 137 of the Amended Complaint, and states that the document referenced therein speaks for itself.

138. Denies the allegations contained in paragraph 138 of the Amended Complaint, and states that the document referenced therein speaks for itself.

139. Denies the allegations contained in paragraph 139 of the Amended Complaint.

140. Denies the allegations contained in paragraph 140 of the Amended Complaint.

141. Denies the allegations contained in paragraph 141 of the Amended Complaint, except admits that there was a Seventh Amendment to the Credit Agreement dated September 2, 2009.

142. Denies the allegations contained in paragraph 142 of the Amended Complaint, and states that the document referenced therein speaks for itself.

143. Denies the allegations contained in paragraph 143 of the Amended Complaint, and states that the document referenced therein speaks for itself.

144. Denies the allegations contained in paragraph 144 of the Amended Complaint, and states that the document referenced therein speaks for itself.

145. Denies the allegations contained in paragraph 145 of the Amended Complaint, and states that the document referenced therein speaks for itself.

146. Denies the allegations contained in paragraph 146 of the Amended Complaint.

147. Denies the allegations contained in paragraph 147 of the Amended Complaint.

148. Denies the allegations contained in paragraph 148 of the Amended Complaint.

149. Denies the allegations contained in paragraph 149 of the Amended Complaint.

150. Denies the allegations contained in paragraph 150 of the Amended Complaint.

151. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151 of the Amended Complaint.

152. Denies the allegations contained in paragraph 152 of the Amended Complaint, and states that the assignment referenced therein speaks for itself.

153. Denies the allegations contained in paragraph 153 of the Amended Complaint, and states that the Credit Agreement referenced therein speaks for itself.

154. Denies the allegations contained in paragraph 154 of the Amended Complaint.

155. Denies the allegations contained in paragraph 155 of the Amended Complaint.

156. Denies the allegations contained in paragraph 156 of the Amended Complaint.

157. Denies the allegations contained in paragraph 157 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding MAK's motivations or plans.

158. Denies the allegations contained in paragraph 158 of the Amended Complaint, and states that the assignment referenced therein speaks for itself.

159. Denies the allegations contained in paragraph 159 of the Amended Complaint, and states that the document referenced therein speaks for itself.

160. Denies the allegations contained in paragraph 160 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to MAK's subordinated note ownership.

161. Denies the allegations contained in paragraph 161 of the Amended Complaint.

162. Denies the allegations contained in paragraph 162 of the Amended Complaint.

163. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163 of the Amended Complaint.

164. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164 of the Amended Complaint.

165. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165 of the Amended Complaint.

166. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166 of the Amended Complaint.

167. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167 of the Amended Complaint.

168. Denies the allegations contained in paragraph 168 of the Amended Complaint.

169. Denies the allegations contained in paragraph 169 of the Amended Complaint.

## COUNT I

## EQUITABLE SUBORDINATION AGAINST
## THE ENTIRE LENDING GROUP

170. In response to paragraph 170 of the Amended Complaint, CSAG repeats and renalleges its responses to paragraphs 1 through 169 of the Amended Complaint with the same force and effect as if they were fully set forth herein.

171. Count I has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

172. Count I has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

173. Count I has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

174. Count I has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

175. Count I has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

176. Count I has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

177. Count I has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

178. Count I has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

179. Count I has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

180.     Count I has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

181.     Count I has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

182.     Count I has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

## COUNT II

## EQUITABLE SUBORDINATION
## AGAINST MAK

183.     In response to paragraph 183 of the Amended Complaint, CSAG repeats and realleges its responses to paragraphs 1 through 182 of the Amended Complaint with the same force and effect as if they were fully set forth herein.

184.     Count II has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

185.     Count II has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

186.     Count II has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

187.     Count II has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

188.     Count II has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

189.     Count II has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

190. Count II has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

191. Count II has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

192. Count II has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

193. Count II has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

194. Count II has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

195. Count II has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

## COUNT III

## EQUITABLE SUBROGATION AGAINST
## THE ENTIRE LENDING GROUP

196. In response to paragraph 196 of the Amended Complaint, CSAG repeats and realleges its responses to paragraphs 1 through 195 of the Amended Complaint with the same force and effect as if they were fully set forth herein.

197. Count III has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

198. Count III has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

199. Count III has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

200. Count III has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

201. Count III has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

202. Count III has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

203. Count III has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

204. Count III has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

205. Count III has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

## COUNT IV

### UNJUST ENRICHMENT AGAINST THE
### ENTIRE LENDING GROUP AND CREDIT SUISSE

206. In response to paragraph 206 of the Amended Complaint, CSAG repeats and realleges its responses to paragraphs 1 through 205 of the Amended Complaint with the same force and effect as if they were fully set forth herein.

207. Count IV has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

208. Count IV has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

209. Count IV has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

210.     Count IV has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

211.     Count IV has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.


## COUNT V

## EQUITABLE ESTOPPEL AGAINST THE ENTIRE LENDING GROUP

212.     In response to paragraph 212 of the Amended Complaint, CSAG repeats and realleges its responses to paragraphs 1 through 211 of the Amended Complaint with the same force and effect as if they were fully set forth herein.

213.     Count V has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

214.     Count V has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

215.     Count V has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

216.     Count V has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

217.     Count V has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

## COUNT VI

## BREACH OF CONTRACT AGAINST
## CREDIT SUISSE AND THE ENTIRE LENDING GROUP

218.     In response to paragraph 218 of the Amended Complaint, CSAG repeats and

realleges its responses to paragraphs 1 through 217 of the Amended Complaint with the same

force and effect as if they were fully set forth herein.

219.     Denies the allegations contained in paragraph 219 of the Amended Complaint.

220.     Denies the allegations contained in paragraph 220 of the Amended Complaint.

221.     Denies the allegations contained in paragraph 221 of the Amended Complaint.

## COUNT VII

## FRAUDULENT TRANSFERS UNDER
## N.Y. DEBT. & CRED. LAW §§ 273, 274 AND 11 U.S.C. § 544(B)

222.     In response to paragraph 222 of the Amended Complaint, CSAG repeats and

realleges its responses to paragraphs 1 through 221 of the Amended Complaint with the same

force and effect as if they were fully set forth herein.

223.     Count VII has been dismissed pursuant to the Court's September 1, 2010 Order

and, as such, no response is required.

224.     Count VII has been dismissed pursuant to the Court's September 1, 2010 Order

and, as such, no response is required.

225.     Count VII has been dismissed pursuant to the Court's September 1, 2010 Order

and, as such, no response is required.

226.     Count VII has been dismissed pursuant to the Court's September 1, 2010 Order

and, as such, no response is required.

227.     Count VII has been dismissed pursuant to the Court's September 1, 2010 Order

and, as such, no response is required.

228. Count VII has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

229. Count VII has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

230. Count VII has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

231. Count VII has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

232. Count VII has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

233. Count VII has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

234. Count VII has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

235. Count VII has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

236. Count VII has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

237. Count VII has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

238. Count VII has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

## COUNT VIII

## STRONG ARM POWERS UNDER 11 U.S.C. § 544(A)

239.    In response to paragraph 239 of the Amended Complaint, CSAG repeats and realleges its responses to paragraphs 1 through 238 of the Amended Complaint with the same force and effect as if they were fully set forth herein.

240.    Count VIII has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

241.    Count VIII has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

242.    Count VIII has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

## COUNT IX

## AVOIDANCE OF PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547(B)

243.    In response to paragraph 243 of the Amended Complaint, CSAG repeats and realleges its responses to paragraphs 1 through 242 of the Amended Complaint with the same force and effect as if they were fully set forth herein.

244.    Count IX has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

245.    Count IX has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

246.    Count IX has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

247.    Count IX has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

248.    Count IX has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

249.    Count IX has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

250.    Count IX has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

251.    Count IX has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

252.    Count IX has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

253.    Count IX has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

254.    Count IX has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

255.    Count IX has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

256.    Count IX has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

257.    Count IX has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

## COUNT X

## TRANSFEREE LIABILITY UNDER 11 U.S.C. § 550(A)

258. In response to paragraph 258 of the Amended Complaint, CSAG repeats and realleges its responses to paragraphs 1 through 257 of the Amended Complaint with the same force and effect as if they were fully set forth herein.

259. Count X has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

260. Count X has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

261. Count X has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

262. Count X has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

263. Count X has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

264. Count X has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

## COUNT XI

## DISALLOWANCE OF THE LENDING GROUP'S
## PROOF OF CLAIM PURSUANT TO 11 U.S.C. §502(D)

265. In response to paragraph 265 of the Amended Complaint, CSAG repeats and realleges its responses to paragraphs 1 through 264 of the Amended Complaint with the same force and effect as if they were fully set forth herein.

266. Count XI has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

267. Count XI has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

268. Count XI has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

269. Count XI has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

## COUNT XII

## DISALLOWANCE OF CLAIMS AND RELATED RELIEF

270. In response to paragraph 270 of the Amended Complaint, CSAG repeats and realleges its responses to paragraphs 1 through 269 of the Amended Complaint with the same force and effect as if they were fully set forth herein.

271. Denies the allegations contained in paragraph 271 of the Amended Complaint.

272. Paragraph 272 constitutes a statement of Plaintiff's legal position as to which no response is required. To the extent that a response is required, CSAG denies the allegations contained therein.

273. Denies the allegations contained in paragraph 273 of the Amended Complaint.

274. Paragraph 274 constitutes a statement of the relief sought by Plaintiff, and as such, no response is required. To the extent that a response is required, CSAG denies the allegations contained therein.

# COUNT XIII

## TURNOVER OF DEBTORS' ESTATE ASSETS
## PURSUANT TO 11 U.S.C. §§ 542, 550, & 551

275.    In response to paragraph 275 of the Amended Complaint, CSAG repeats and realleges its responses to paragraphs 1 through 274 of the Amended Complaint with the same force and effect as if they were fully set forth herein.

276.    Count XIII has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

277.    Count XI has been dismissed pursuant to the Court's September 1, 2010 Order and, as such, no response is required.

## CSAG'S AFFIRMATIVE DEFENSES

1.    The Amended Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff is barred from recovery based on the doctrine of waiver.

3.    Plaintiff is barred from recovery based on the doctrines of estoppel and acquiescence.

4.    Plaintiff is barred from recovery based on the doctrine of ratification.

5.    Plaintiff is barred from recovery based on custom and practice.

6.    Plaintiff lacks standing to pursue the claims asserted herein.

7.    CSAG intends to rely on any other defense or defenses that may become available or apparent as a result of the development of additional information or otherwise hereby reserves the right to amend this Answer and assert any such defense.

**WHEREFORE,** having fully answered the remaining Causes of Action set forth in the Amended Complaint, CSAG respectfully requests that this Court dismiss the Amended Complaint with prejudice and at Plaintiff's sole cost and expense. CSAG further respectfully requests such other and further relief as this Court deems just and proper under the circumstances.

Dated: January 21, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Matthew B. Lunn_
Robert S. Brady (No. 2847)
Matthew B. Lunn (No. 4119)
Margaret Whiteman Greecher (No. 4652)
The Brandywine Building
Wilmington, Delaware 19801
(302) 571-6600

- and -

WILLKIE FARR & GALLAGHER LLP
Joseph T. Baio
Joanna Rotgers
787 Seventh Avenue
New York, New York 10019-6099
(212) 728-8000

_Counsel for CSAG_